**Electronically Filed**
**Supreme Court**
**SCWC-14-0000870**
**29-JUN-2020**
**11:54 AM**

SCWC-14-0000870

IN THE SUPREME COURT OF THE STATE OF HAWAI'I
_____

ROBERT GRINPAS and ESTHER GRINPAS,
Respondents/Plaintiffs-Appellees/Cross-Appellees,

vs.

KAPAA 382, LLC, a Hawai'i Limited Liability Company;
Respondent/Defendant-Cross-Appellee,

KULANA PARTNERS, LLC, a Hawai'i Limited Liability Company;
Respondent/Defendant/Third-Party Plaintiff/Cross-Appellant,

and

WILLIAM R. HANCOCK,
Petitioner/Defendant-Appellant/Cross-Appellee.

----------------------------------------------------------------
KULANA PARTNERS, LLC.,
Respondent/Defendant/Third-Party Plaintiff/Cross-Appellant,

vs.

WILLIAM R. HANCOCK, Trustee of HANCOCK AND CO., INC.,
PROFIT SHARING TRUST under trust instrument April 3, 1993,
Petitioner/Third-Party Defendant/Appellant/Cross-Appellee.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-14-0000870; 5CC071000132)

MEMORANDUM OPINION
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

## I.   Introduction

We accepted certiorari solely to correct a statement, made in the Intermediate Court of Appeals' ("ICA") August 7, 2019 memorandum opinion disposing of this appeal, that was not necessary to its decision and was not actually an issue to be addressed.  Grinpas v. Kapaa 382, CAAP-14-0000870, 2019 WL 3717995 (Haw. App. Aug. 7, 2019) (mem.) ("Grinpas II").  In all other respects, we affirm the ICA's decision.

This appeal arises from nearly two decades of state litigation over whether an easement exists across a parcel of property now subject to a condominium property regime ("CPR") known as Kulana CPR.[1]  Kapaa 382 LLC ("K382") owns Kulana CPR. The adjacent parcel, known as Remnant 3, is owned by Kulana Partners, LLC ("KPL").  Robert and Esther Grinpas (the "Grinpases") own two parcels separated by Remnant 3 called Unit 2X and Lot 77J.  William R. Hancock ("Hancock") is the president of K382 and the previous owner of Remnant 3.

In 1999, the Grinpases entered into a fifteen-year license

---

[1]     The litigation is also related to a more recent federal lawsuit, during the course of which the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") directed the United States District Court for the District of Hawai'i ("federal district court") to certify questions to this court as to (1) whether a claim relating to a forged deed is subject to the statute of limitations for fraud; and (2) whether the recording of a deed provides constructive notice in an action for fraud.  We reframed and then answered those certified questions in our opinion in Hancock v. Kulana Partners, LLC, 145 Hawai'i 374, 452 P.3d 371 (2019).

agreement with Hancock/K382 granting the Grinpases use of an easement across Remnant 3.  In 2002, Hancock/K382 conveyed Remnant 3 to KPL via a Trustee's Deed that did not mention the easement.

In 2003, as a result of disputes between the Grinpases and Hancock/K382, the Grinpases and Hancock/K382 entered into a settlement agreement which required Hancock/K382 to provide the Grinpases an easement across Remnant 3.  KPL was not a party to the settlement agreement.  In 2004, Hancock/K382 recorded a condominium declaration for the Kulana CPR, which purported to include an easement across Remnant 3.  KPL executed a consent and joinder to the condominium declaration, which it rescinded one year later when it discovered that the condominium declaration purported to include an easement across Remnant 3.

The Grinpases then attempted to negotiate with KPL to obtain the easement rights they had been promised in the license agreement and the settlement agreement.  After the negotiations were unsuccessful, the Grinpases sued Hancock, K382, and KPL in the Circuit Court of the Fifth Circuit ("circuit court").[2]  KPL asserted counter-claims against the Grinpases for declaratory relief as to property rights to Remnant 3 and the Grinpases' alleged wrongful interference with Remnant 3.  KPL asserted

---

[2]     The Honorable Randal G. B. Valenciano presided.

3

cross-claims against Hancock and K382 for declaratory relief as to property rights to Remnant 3, misrepresentation/ nondisclosure, wrongful interference with Remnant 3, fraud, and conspiracy. After a bench trial, the circuit court granted KPL's motion for partial summary judgment and found that no easement in favor of the Grinpases existed across Remnant 3.

The Grinpases appealed. Although the ICA agreed with the circuit court that there was no genuine issue of material fact that the conveyance documents omitted the easement, the ICA concluded that a genuine issue of material fact existed as to whether KPL intended to create the Grinpases' claimed easement in executing the consent and joinder to the CPR declaration. Grinpas v. Kapaa 382, LLC ("Grinpas I"), No. 30139, 2012 WL 503818 (Haw. App. Feb. 15, 2012) (mem.). The ICA remanded the case to the circuit court with instructions to resolve this issue.

While the Grinpas I appeal was pending, the circuit court held a bench trial on the Grinpases' breach of contract claim against Hancock and found that Hancock/K382 breached the 2003 settlement agreement by failing to convey an easement to the Grinpases ("October 2009 breach of contract judgment"). Hancock did not appeal the October 2009 breach of contract judgment.

In 2013, following the ICA's Grinpas I remand, Hancock filed a motion for summary judgment ("MSJ") asserting for the

4

first time that his Trustee's Deed had been fraudulently modified after he signed it.  He alleged that Fidelity Title and Escrow Company ("Fidelity")[3] changed the property description to remove the easement prior to recording the deed.  The circuit court denied Hancock's MSJ.

Pursuant to the remand instruction that the circuit court resolve whether KPL intended to create the Grinpases' claimed easement in executing the consent and joinder to the CPR declaration, after a second bench trial, the circuit court found that KPL did not intend to create an easement across Remnant 3 when it executed the consent and joinder.  Hancock then appealed the circuit court's denial of his MSJ to the ICA.  The ICA affirmed the circuit court's order denying Hancock's MSJ. Grinpas II, mem. op. at 2.  The ICA gave two reasons for affirmance.  Grinpas II, mem. op. at 9.  First, the ICA noted that Hancock's 2007 answer to KPL's cross-claim "did not assert fraud as an affirmative defense"; Hancock "never asserted a fraud claim against KPL"; and Hancock, as Trustee, "never responded to KPL's third-party complaint" and "never asserted a fraud claim against KPL."  Id.  The ICA then also concluded, however, that "Hancock's and Trustee's failure to plead fraud -- either as a claim or an affirmative defense -- bars them from

---

[3]    Fidelity is not a party to this case.

contending that KPL fraudulently altered the Trustee's Deed."
Id. (citing Hawaiʻi Rules of Civil Procedure Rule 8(c) (eff.
2000), and State ex rel. Office of Consumer Protection v.
Honolulu Univ. of Arts, Sci. & Humanities, 110 Hawaiʻi 504, 516,
135 P.3d 113, 125 (2006)).

Second, the ICA concluded that its remand of the case to
the circuit court was limited to the issue of "whether KPL
intended to create easements via the Consent and Joinder. . . ."
Grinpas II, mem. op. at 10.  Therefore, Hancock's fraudulent
modification issue was beyond the scope of the remand, and the
ICA stated that the circuit court did not err in denying
Hancock's MSJ for that reason.  Id.

On application for writ of certiorari, Hancock argues that
the ICA erred by: (1) affirming the circuit court's denial of
his MSJ in light of the fraudulently modified deed; (2)
misconstruing how easements are created in CPRs in its
memorandum opinion by requiring the execution of a document
separate from a CPR declaration and subdivision map.

We hold that the ICA correctly affirmed the circuit court's
denial of Hancock's MSJ on the basis that the fraudulent
modification issue was beyond the scope of the ICA's initial
remand.  We also hold, however, that the ICA erred in basing its
affirmance upon the additional ground that Hancock, individually
and as Trustee, failed to plead fraud, either as a claim or an

6

affirmative defense then also ruling that this barred him from contending that KPL fraudulently altered the Trustee's Deed.  We also find without merit Hancock's contention that the ICA misconstrued how easements are created in CPRs.  We therefore affirm the ICA's judgment, but as modified by this memorandum opinion.

## II.  Background

KPL owns a 14.6 acre parcel of land in Kapa'a called Remnant 3.  Hancock owned Remnant 3 until he conveyed it to KPL in 2002. Hancock is the president of K382, the owner and developer of a condominiumized parcel called Kulana CPR.  Kulana CPR is adjacent to Remnant 3.  The Grinpases own two parcels of land called Unit 2X and Lot 77J that are separated by Remnant 3.

In 1998, the Grinpases agreed with Hancock and K382 to purchase Unit 2X, in what was to become the Kulana CPR, and to be granted a permanent easement from Unit 2X to Lot 77J through Remnant 3.  Because the Grinpases could not purchase Unit 2X until Hancock/K382 completed the subdivision and condominium property regime of Kulana CPR, on August 13, 1999, Hancock/K382 entered into a fifteen-year license agreement with the Grinpases whereby the Grinpases were permitted to use Unit 2X and a portion of Remnant 3, provided they pay an annual licensing fee to Hancock/K382.

In August 2002, Hancock conveyed Remnant 3 to KPL via a Trustee's Deed, which contained no provision regarding an easement encumbering Remnant 3 for the benefit of the Grinpases. More than ten years later, in an April 2013 complaint against KPL in federal district court, Hancock claimed that the Trustee's Deed conveying Remnant 3 to KPL was fraudulently modified after he signed it.  Hancock, 145 Hawaiʻi at 378, 452 P.3d at 375.  Hancock alleged that the deed he executed contained a provision that the property was conveyed "subject to" unrecorded interests and that it reserved an easement in the north corner of Remnant 3, "at or near the location of the Grinpas Easement."  Id.  He alleged that the property description was changed to remove the easement prior to recording the deed.  Id.  This allegation, newly raised in the instant state litigation, is the subject of this appeal.

Meanwhile, the Grinpases, Hancock, and K382 continued to dispute the use and purchase of portions of the Kulana property. In September 2003, the Grinpases and Hancock/K382 entered into a settlement agreement which required Hancock/K382 to provide the Grinpases an easement across Remnant 3:

> The Kapaa 382 Parties will provide Grinpas an easement ("South Easement") to the Property for access purposes from Hauiki Road across Kūlana Place and Easement AU-2, as shown on Exhibit "3". . . . The Kapaa 382 Parties will provide Grinpas an easement ("North Easement") to the Property for access and underground utility purposes to and from that certain real property (located to the north of the Property) which is owned by Grinpas[.]

KPL, who now owned Remnant 3, was not a party to the settlement agreement.

On December 14, 2004, Hancock/K382 recorded a condominium declaration for the Kulana CPR, which purported to include Remnant 3.

> WHEREAS, KAPAA 382, LLC, a Hawaii Limited Liability Company, whose address is 4569 Kukui St. Suite 200, Kapaa HI 96746 (herein referred to as the "Fee Owner"), is the owner in fee simple of that certain real property (herein referred to as the "Property") described in Exhibit "A" attached hereto and incorporated herein by reference[.]

Hancock/K382 also created a CPR map that included Remnant 3 as part of the Kulana CPR and identified two easements on Remnant 3 called AU-26A and AU-26E.

Thereafter, Hancock/K382 asked KPL to execute a consent and joinder document. On December 21, 2004, the consent and joinder document was recorded in the Bureau of Conveyances. It stated:

> KULANA PARTNERS, LLC, a Hawaii limited liability company, hereby consents to and joins and subjects the interests of the undersigned in the property identified by the TMK Number listed above, to the terms of the recording of the DECLARATION OF CONDOMINIUM PROPERTY REGIME OF KULANA, the BYLAWS OF KŪLANA, and the DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR THE KŪLANA SUBDIVISION, the DECLARATION OF GRANT AND RESERVATION OF EASEMENTS FOR THE KŪLANA SUBDIVISION and its associated condominium map to be recorded in the Bureau of Conveyances simultaneously herewith.

In June 2005, KPL rescinded the 2004 consent and joinder. An email from KPL to Hancock/K382 sent on June 4, 2005 stated

> [W]e have asked to have the previous Consent, Joinder and other documents that were executed at or near the end of November 2004, that joined us to the Kulana project, to be rescinded. The reason for the request is that we joined as a means to have our CPR obtained along with the rest of the project, and paid for, as promised by Misters Hancock and Lull when we purchased our remnant (lot 26). In that that

<u>was not accomplished, we request to have the previous
documents rescinded.</u>

(Emphasis added.)  Hancock/K382 agreed to the rescission and
Hancock/K382 executed a second amended Kulana CPR declaration
(Second Amended Declaration) which removed Remnant 3 from the
Kulana CPR.  The Grinpases then contacted KPL and attempted to
establish the Grinpases' easement rights over Remnant 3.  After
the Grinpases' negotiations with KPL were unsuccessful, the
Grinpases sued Hancock, K382, and KPL in the circuit court.

## A.    First trial and appeal

On September 5, 2007, the Grinpases commenced the lawsuit
at issue and sought (1) a declaration that an easement existed
on Remnant 3 for the benefit of their adjacent property; and (2)
an injunction compelling Hancock/K382 and KPL to grant the
Grinpases the easement.  The Grinpases also brought a breach of
contract claim against Hancock for his failure to provide the
Grinpases an easement over Remnant 3, as agreed to in the
September 2003 Settlement Agreement ("breach of contract
claim").

KPL asserted counter-claims against the Grinpases for
declaratory relief as to property rights to Remnant 3 and the
Grinpases' wrongful interference with Remnant 3.

KPL asserted cross-claims against Hancock and K382 for
declaratory relief as to property rights to Remnant 3,
misrepresentation/nondisclosure, wrongful interference with

10

Remnant 3, fraud, and conspiracy.  Hancock did not file a counter-claim or cross-claim.

KPL filed a motion for partial summary judgment on March 30, 2009, seeking a determination that there was no easement burdening Remnant 3.  In August 2009, the circuit court granted KPL's motion for partial summary judgment, finding "there is no access and utilities easement in favor of [the Grinpases] over, across, through or encumbering the KPL Property [Remnant 3.]"

The Grinpases appealed that determination to the ICA, which similarly concluded that "the Trustee's Deed accurately reflects that there was no express easement over Remnant 3 at that time," and that KPL was entitled to summary judgment on that issue. Grinpas I, mem. op. at 12.  The ICA held, however, that "there [were] genuine issues of material fact as to whether KPL intended to create easements via the Consent and Joinder." Grinpas I, mem. op. at 13.  The ICA therefore vacated the circuit court's August 3, 2009 judgment and remanded the case for further proceedings.  Grinpas I, mem. op. at 22.

While the ICA appeal was pending, the circuit court held a bench trial on the Grinpases' breach of contract claim against Hancock.  On October 23, 2009, the court found that Hancock/K382 breached the 2003 settlement agreement by "fail[ing] to convey either the north easement or the south easement [to the Grinpases.]"  Accordingly, the circuit court entered judgment

against Hancock and Kapaa 382 in the amount of $146,239.01. Hancock did not appeal the October 2009 breach of contract judgment.

**1. Hancock's MSJ**

On February 15, 2013, following the ICA's Grinpas I remand, Hancock filed an MSJ. In it, he argued for the first time that the Trustee's Deed he signed was fraudulently modified to omit the easement in favor of the Grinpases. In his memorandum in support of the motion, Hancock explained how the deed he signed contained an easement, but Fidelity altered the deed after closing. Hancock attached copies of both deeds, as well as a memorandum written by one Fidelity employee and addressed to another "advising that the pages of the executed deeds were to be altered."

Hancock also argued there was no genuine issue of material fact as to whether KPL knew that the Grinpas easement burdened Remnant 3 because Steven Lee, the attorney who prepared the Kulana CPR map, was also KPL's attorney and his knowledge "is imputed to KPL as a matter of agency law."

In March 2013, the circuit court denied Hancock's MSJ, noting that its prior determination on the breach of contract claim, which was affirmed by the ICA in Grinpas I, established that no easement existed and that the recorded Trustee's Deed was accurate.

### 2.    Hancock's federal district court case

Meanwhile, in April 2013, Hancock filed a complaint against Fidelity and KPL in federal district court, alleging fraudulent modification of his Trustee's Deed to remove the easement and also asserting that the alleged fraudulent modification was not discovered until 2013.  Hancock, 145 Hawai'i at 378, 452 P.3d at 375.  Fidelity filed a motion for judgment on the pleadings, and KPL filed motions to dismiss, arguing that Hancock's claims had already been adjudicated in Grinpas I and that they were untimely under Hawai'i's six-year statute of limitations.  Id. The federal district court dismissed Hancock's complaint, finding his claims barred by the Hawai'i statute of limitations for fraud.  145 Hawai'i at 379, 452 P.3d at 376.  Ultimately, the federal court's judgment was appealed to the Ninth Circuit, which directed the federal district court to certify questions to this court concerning the fraudulent modification claim and any applicable statute of limitations.  145 Hawai'i at 380, 452 P.3d at 377.  This court answered the certified questions, and the case is now pending before the federal court.

### B.    Second trial

In 2013, pursuant to the ICA's remand instructions in Grinpas I, the circuit court conducted a second bench trial on the issue of whether KPL intended to create the Grinpases' claimed easement in executing the consent and joinder to the CPR

declaration. On October 22, 2013, the circuit court issued findings of fact and conclusions of law as to the second bench trial. The circuit court found, among other things, that "KPL did not intend, agree or consent to being included in the K382 CPR" and that "KPL did not intend through the Consent and Joinder to create or grant easements over Remnant 3, including AU-26A and AU-26B, benefitting Grinpas or Grinpas' Property."

The circuit court also entered a final judgment on October 22, 2013. On May 23, 2014, the circuit court entered an amended final judgment finding.

## C. ICA proceedings

In June 2014, Hancock filed a notice of appeal of the amended final judgment. Hancock argued that (1) KPL produced no evidence to rebut Hancock's claim that the Trustee's Deed was fraudulently modified; (2) KPL breached its agreement that the sale of Remnant 3 was conditioned on the existence of the Grinpas easement, so it cannot maintain an action on that agreement; and (3) the attorney who drafted the consent and joinder document represented KPL, so his knowledge of the easement is imputed to KPL.

On August 7, 2019, the ICA issued its memorandum opinion in Grinpas II. First, the ICA noted that, as Hancock had failed to appeal from the October 2009 breach of contract judgment, the findings of fact in the October 2009 Order were final and

14

binding on Hancock and he was precluded from raising them pursuant to the doctrine of collateral estoppel.  Grinpas II, mem. op. at 7-8.  In addition, the legal issues decided in Grinpas I applied in this appeal due to the doctrine of "law of the case" and therefore no express easement over Remnant 3 existed at the time Remnant 3 was conveyed by Trustee's Deed to KPL.  Grinpas II, mem. op. at 8.

The ICA also held that Hancock was barred from raising fraud on appeal because Hancock never asserted a fraud claim against KPL or pled fraud as an affirmative defense.  Grinpas II, mem. op. at 9.  The ICA also held that Hancock's claims of fraud were precluded by the circuit court's 2009 factual findings on the breach of contract claim, which Hancock did not appeal:

> Hancock's contention of fraud . . . [is] predicated upon the existence of an easement actually burdening Remnant 3. That is inconsistent with the findings of fact set forth in the October 2009 Order which, because the Breach of Contract Judgment is final and non-appealable, precludes Hancock from relitigating the issue of whether Remnant 3 is burden by an easement in favor of the Grinpases . . . The Trustee's Deed could not have been altered to eliminate reference to an easement that did not exist . . . The law of the case is that the Trustee's Deed "accurately reflects that there was no express easement over Remnant 3 at that time."

Grinpas II, mem. op. at 9-10 (quoting Grinpas I, mem. op. at 12) (footnote omitted)).  The ICA then also concluded that "Hancock's and Trustee's failure to plead fraud -- either as a claim or an affirmative defense -- bars them from contending

that KPL fraudulently altered the Trustee's Deed." Grinpas II, mem. opp. at 9.

The ICA held that the circuit court did not err in denying Hancock's MSJ. Grinpas II, mem. op. at 10. Accordingly, the ICA affirmed the circuit court's second amended final judgment. Grinpas II, mem. op. at 27. The ICA entered its judgment on appeal on September 9, 2019.

### III. Standard of Review

"On appeal, the grant or denial of summary judgment is reviewed de novo." Ralston v. Yim, 129 Hawai'i 46, 55, 292 P.3d 1276, 1285 (2013) (citations omitted).

### IV. Discussion

On certiorari, Hancock asserts that the ICA erred in affirming the circuit court's denial of his MSJ, which precluded him from litigating, in this proceeding, the newly raised fraudulent modification issue. He also asserts that the ICA misconstrued, in its memorandum opinion, how easements are created in CPRs. Neither contention is persuasive.

**A. The fraudulent modification issue, raised for the first time in this case in Hancock's MSJ, was beyond the scope of the ICA's Grinpas I remand.**

On certiorari, Hancock argues that the circuit court improperly precluded consideration of the fraudulent modification issue. We disagree. The circuit court and the ICA correctly concluded that the fraudulent modification issue,

16

raised for the first time in Hancock's MSJ, was beyond the scope of the ICA's Grinpas I remand instructions.

Hancock argues that the ICA vacated the circuit court's entire judgment in Grinpas I, so he was permitted to raise the fraudulent modification argument on remand in his MSJ. This argument fails, however, because the ICA explicitly limited the scope of remand in Grinpas I to the issue of whether KPL intended to create an easement when it executed the consent and joinder. In Grinpas I, the ICA held "the Trustee's Deed accurately reflects that there was no express easement over Remnant 3 at that time. KPL is entitled to summary judgment on this issue." Grinpas I, mem. op. at 12. The ICA concluded, however, that "there [were] genuine issues of material fact as to whether KPL intended to create easements via the Consent and Joinder." Grinpas I, mem. op. at 13. On that limited issue, the ICA "vacate[d] the judgment entered by the circuit court on August 3, 2009, and . . . remand[ed] this case for further proceedings consistent with this opinion." Grinpas I, mem. op. at 22.

Hawai'i Rules of Appellate Procedure ("HRAP") Rule 35(e) (2010) provides, "the phrase 'vacate and remand' indicates the litigation continues in the court or agency in accordance with the appellate court's instruction." (Emphasis added). In addition, the law of the case doctrine generally "operates to

17

foreclose re-examination of decided issues either on remand or on a subsequent appeal[.]" Hussey v. Say, 139 Hawai'i 181, 186, 384 P.3d 1282, 1287 (2016). Pursuant to HRAP Rule 35(e) and the law of the case doctrine, the circuit court was not permitted, in Grinpas II, to address a new issue not contemplated by the ICA's decision in Grinpas I or to re-decide an issue the ICA had already resolved. Therefore, the circuit court correctly denied Hancock's MSJ, and the ICA correctly affirmed the denial, on the sole ground that the fraudulent modification issue was beyond the scope of the Grinpas I remand.

We note, however, that it was unnecessary for the ICA to go on to hold that another basis for affirming the denial of Hancock's MSJ was that Hancock, in his individual capacity or as Trustee, failed to "plead fraud -- either as a claim or an affirmative defense," and such failure "bars them from contending that KPL fraudulently altered the Trustee's Deed." Grinpas II, mem. op. at 9. It was not error for the ICA to note that Hancock had not pled fraud in the state court action; however, the issue of whether Hancock waived his claim that KPL fraudulently altered the Trustee's Deed by not including it in pleadings filed before he allegedly became aware of the fraud was not properly before the ICA. As we noted earlier, Hancock filed a 2013 federal complaint against Fidelity and KPL, alleging fraudulent modification of the Trustee's Deed allegedly

18

discovered in 2013, and the case is pending. Hancock, 145 Hawai'i 374, 452 P.3d 371. Thus, the ICA's unnecessary statement that Hancock's failure to plead fraudulent modification in the instant state case "bars" him from raising the fraudulent modification claim, which was beyond the scope of its remand order, could be read broadly as a holding on claim preclusion. The statement was not necessary to the ICA's decision as the ICA properly ruled that the issue was beyond the scope of its remand order, and whether or not failure to previously plead fraudulent modification barred Hancock from asserting a claim allegedly not discovered until 2013 was not an issue on appeal to have been ruled on by the ICA in Grinpas II.

**B. The ICA did not misconstrue how easements are created in CPRs.**

On certiorari, Hancock also argues that the ICA "disregards the manner in which easements are generally created in the development process[]," which is by adding them to "the CPR declaration" and "to maps under the individual county subdivision ordinances." Hancock argues that the subdivision and condominium map (created after the conveyance to KPL) notes the easement. Therefore, he argues, the easement exists, disregarding that the issue on remand was whether KPL intended to create the easement by executing a consent and joinder to the CPR documents, and the circuit court's conclusion that KPL did

not.

He points to the following statement in the ICA's Grinpas II memorandum opinion to show that the ICA erroneously requires easements to be created by a separate conveyance document:  "The only possibility for the Grinpases to be entitled to an easement over Remnant 3 would be if 'KPL intended to create easements via the Consent and Joinder.'"  Grinpas II, mem. op. at 8, quoting Grinpas I, mem. op. at 13.  Hancock takes this sentence from the ICA's dispositions out of context.  In Grinpas I, the ICA concluded that the conveyance documents did not contain an easement in favor of the Grinpases, but it remanded the case to the circuit court on the issue of whether KPL's subsequent consent and joinder to the CPR documents evidenced an intent to create an easement.  Grinpas I, mem. op. at 13.  This sentence in the ICA's Grinpas II memorandum opinion merely restates the limited issue in the Grinpas I remand:  whether KPL's execution of the consent and joinder indicated its intent to create an easement in favor of the Grinpases.  Grinpas I, mem. op. at 13. This sentence does not reflect any misunderstanding on the part of the ICA as to how easements are created in CPRs.

## V. Conclusion

The ICA's September 9, 2019 judgment on appeal is therefore affirmed, but as modified in this memorandum opinion.

DATED:  Honolulu, Hawai'i, June 29, 2020.

| | |
|---|---|
| Timothy J. Hogan<br>for petitioner | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Jade Lynne Ching<br>and Ryan B. Kasten<br>for respondent | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| | /s/ Michael D. Wilson |

