NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM R. HANCOCK, individually and as Trustee of Hancock and Company, Inc. Profit Sharing Trust, under trust instrument April 3, 1993,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>KULANA PARTNERS, LLC, a Hawaii Limited Liability Company; FIDELITY NATIONAL TITLE & ESCROW OF HAWAII, INC., a Hawaii corporation,<br><br>Defendants-Appellees. | No.  20-16873<br><br>D.C. No. 1:13-cv-00198-DKW-WRP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted July 6, 2021[**]
Honolulu, Hawaii

Before:  NGUYEN, OWENS, and FRIEDLAND, Circuit Judges.

Plaintiff William Hancock alleges that Defendants Kulana Partners, LLC

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

("KPL") and Fidelity National Title and Escrow of Hawaii ("Fidelity") fraudulently modified a trustee deed that purported to convey a parcel of land from Hancock to KPL in 2002. Hancock contends that the fraud rendered the deed void ab initio and makes him the rightful owner of the property. He brings a claim for trespass and ejectment, and he also seeks declaratory and injunctive relief, along with punitive damages. The district court dismissed the case without leave to amend, and Hancock appealed. We affirm.

This land sale was the subject of nearly thirteen years of litigation in Hawaii state court, which resulted in a judgment that the trustee deed was accurate and conveyed the property to KPL. *See Grinpas v. Kapaa 382, LLC*, 472 P.3d 575, 2020 WL 5793752, at *1, *6 (Haw. June 29, 2020) (unpublished). By bringing his current fraudulent modification allegations in federal court, rather than as an affirmative defense or counterclaim in state court, Hancock seeks to undermine the judgment against him from state court. The doctrine of res judicata prohibits this effort. *See E. Sav. Bank, FSB v. Esteban*, 296 P.3d 1062, 1067-68 (Haw. 2013).

We reject Hancock's argument that an exception to res judicata for fraudulent concealment applies. Even assuming such an exception exists under Hawaii law, Hancock has not raised any non-conclusory allegations that KPL concealed any evidence in connection with this deed, which has been publicly recorded for nearly 20 years. Accordingly, the district court was correct in holding

2

that res judicata barred Hancock's claims against KPL.

Hancock's claims against Fidelity, which was not a party to the state court litigation, fare no better. The claim for trespass and ejectment cannot be asserted against Fidelity, a title and escrow company, particularly where there are no allegations that Fidelity was ever in possession of the property at issue. Similarly, Hancock's request for a declaratory judgment that he, not KPL, remains the rightful owner of the parcel, does not implicate Fidelity, which has never purported to hold any ownership interest in the property. Lastly, to the extent Hancock's request for injunctive relief extends to Fidelity, the claim fails because Fidelity's involvement with the property began and ended in 2002. "To seek injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized," and that threat "must be actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). There is no reasonable probability that Fidelity will interact with the challenged deed in the future, so Hancock lacks standing to seek injunctive relief against Fidelity in connection with the deed.[1]

---

[1] We need not decide whether Fidelity's Rule 12(c) motion for judgment on the pleadings was premature because Hancock waived this argument by not raising it in his initial opposition brief in district court. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) ("[A]n issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it." (quotation marks and citation omitted)).

We also hold that the district court did not abuse its discretion in denying Hancock leave to amend. Hancock does not have a compelling excuse for his eight-year delay in bringing any other claims he may have had against Fidelity. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (recognizing "undue delay" as a reason to deny leave to amend). Hancock now argues that he could plead a breach of fiduciary duty claim against Fidelity, but he offers no justification for omitting such a claim, which is premised on the same underlying facts as were contained in the existing Complaint and thus could have been pleaded originally. *Cf. Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."). Moreover, permitting Hancock to amend at this juncture would be unfair to Fidelity. Although Fidelity was not a party in the state court proceedings, Fidelity has been enmeshed in this federal action since 2013 and has had to defend itself from near-frivolous claims like trespass for eight years. The district court was within its discretion to deny Hancock the opportunity to attack this decades-old transaction again by adding new claims against Fidelity.[2]

---

[2] Hancock and KPL both filed unopposed motions for judicial notice. Both motions request judicial notice of court filings directly related to the transaction at issue. Accordingly, both motions are granted. *See Unites States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)

4

**AFFIRMED.**

---

(courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)); *see also* Fed. R. Evid. 201.